UNITED STATES of America,
Plaintiff–Appellee

v.

Mento Nnana KALUANYA,
Defendant–Appellant.

No. 11–20170
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 12, 2012.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Cynthia Jean–Marie Cline, Esq., Houston, TX, for Defendant–Appellant.

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM: *

The attorney appointed to represent Mento Nnana Kaluanya has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir.2011). Kaluanya has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

UNITED STATES of America,
Plaintiff–Appellee

v.

Dimetriace Eva–Lavon JOHN,
Defendant–Appellant.

No. 11–10548
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 12, 2012.

Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Kevin Joel Page, Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

published and is not precedent except under

PER CURIAM: *

A jury convicted Defendant–Appellant Dimetriace Eva–Lavon John of seven counts of conspiracy to commit access device fraud, access device fraud, and exceeding authorized access to a protected computer. She appeals her sentence of 64 months in prison and a three-year term of supervised release as substantively unreasonable, claiming that her sentence is unduly harsh because she is a first time offender and the intended loss amount overstates the severity of her crime.

Following *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), sentences are reviewed for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mondragon–Santiago,* 564 F.3d 357, 360 (5th Cir.2009). When, as here, a sentence is within a properly calculated guidelines range, it is entitled to a presumption of reasonableness that may be rebutted only on a showing that the sentence does not take into a account a factor that should receive significant weight, gives significant weight to factor that is irrelevant or improper, or "represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir.2009).

The points raised by John do not meet this standard. Rather, her contentions amount to little more than a disagreement with the sentence. This is not enough to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Gomez–Herrera,* 523 F.3d 554, 565–66 (5th Cir.2008). Neither do these contentions suffice to show that we should reweigh the pertinent sentencing factors. *See Gall v. United*

*States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Campos–Maldonado,* 531 F.3d 337, 339 (5th Cir.2008). As John has shown no error in connection with her sentence, the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee**

v.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.